IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DELBERT PROCTOR,

    Plaintiff,

v.                              Civil Action No. 1:04CV231
                                       (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## ACCEPTING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

I.  Background

The plaintiff, Delbert Proctor, filed an action in this Court on October 28, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The plaintiff filed a motion for summary judgment and a motion to remand for consideration of new and material evidence on February 14, 2005. The defendant filed a motion for summary judgment on March 14, 2005.

Magistrate Judge Kaull considered the plaintiff's and defendant's motions for summary judgment, and plaintiff's motion to remand for consideration of new and material evidence and submitted a report and recommendation. In his report, the magistrate judge recommended that defendant's motion for summary judgment be denied,

plaintiff's motion for summary judgment be granted in part, by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings consistent and in accord with the recommendation, and that plaintiff's motion to remand be denied as moot.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed a letter stating that no objections have been filed by the parties. To date, this Court has received no objections by the parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On September 5, 2001, the plaintiff filed his first application for Social Security Income ("SSI") payments, alleging disability since February 24, 2000. The Commissioner denied his application initially and on reconsideration. The plaintiff requested and had a hearing, in which plaintiff and a vocational expert testified. On March 25, 2004, the Administrative Law Judge ("ALJ") determined that the plaintiff had not been under a disability within the definition of the Social Security Act. On September 23, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

## III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

IV. <u>Discussion</u>

Plaintiff filed a motion for summary judgment asserting that the ALJ erred in finding that he is able to perform work that requires light exertion and that the Commissioner's Vocational Guidelines direct a finding that the plaintiff is disabled.

A. <u>Mental Impairment</u>

In his motion for summary judgment, the plaintiff contends that the ALJ did not consider his mental impairment under the proper legal standards. The ALJ utilized the five step evaluation to determine if plaintiff was disabled. In step two, the ALJ determined that plaintiff's depression was a medically determinable impairment. The magistrate judge found that the ALJ did not "follow the 'special technique' as required by the Regulations." (Report and Recommendation at 9.) Further, the ALJ did not provide a specific finding as to the limitations in the specified functional areas. (Report and Recommendation at 9.)

The magistrate judge correctly applied 42 U.S.C. § 423(d)(2)(B) and 42 U.S.C. § 382(c)(a)(3)(F), which states that:

> The Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

The magistrate judge concluded that the "ALJ expressly found Plaintiff had severe impairments. He was therefore required to consider Plaintiff's medically determinable mental impairment

4

throughout the decision, even if it was not determined to be severe." (Report and Recommendation at 10.) Thus, this case will be remanded to the Commissioner for further proceedings.

B.  Remand for Consideration of New and Material Evidence

The magistrate judge correctly recommends that this matter should be remanded to the Commissioner for further proceedings consistent with the recommendation. Further, the magistrate judge correctly recommends plaintiff's motion for remand for consideration of new and material evidence be denied as moot.

## V.  Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that plaintiff's motion for summary judgment be GRANTED IN PART, by reversing the Commissioner's decision under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and REMANDED to the Commissioner for further proceedings consistent and in accord with the recommendation, that defendant's motion for summary judgment be DENIED, and that plaintiff's motion to remand for consideration of new and material evidence be DENIED AS MOOT. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 2, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE